Christopher M. Humes Esq., Nevada Bar No. 12782
Marckia H. Hayes Esq., Nevada Bar No. 14539
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: chumes@bhfs.com
Email: mhayes@bhfs.com

*Attorneys for Plaintiff*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMIE ZALESKI,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | CASE NO.:<br><br><br><br>**COMPLAINT** |

Plaintiff alleges:

1. Plaintiff Jamie Zaleski ("Ms. Zaleski") brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover benefits due to her under the terms of Mid-America Apartments, L.P.'s ("Mid-America") Group Disability Policy (the "Policy") that were wrongfully denied to her by Defendant Liberty Life Assurance Company of Boston ("Liberty").

2. After initially granting Ms. Zaleski's claim for long-term disability benefits, Liberty then quickly denied the same. Not only did Liberty fail to adhere to its own claims and appeals procedures when evaluating Ms. Zaleski's claim, Liberty's denial of Ms. Zaleski's claim was also arbitrary and capricious.

**JURISDICTION AND VENUE**

3. This Court has subject matter over this action pursuant to 29 U.S.C. § 1132(e).

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e).

## PARTIES

5. Ms. Zaleski resides in Las Vegas, Nevada. At all relevant times, she was insured under the Policy.

6. Liberty is an insurance company existing under the laws of the State of New Hampshire, and having its principal place of business at 100 Liberty Way, Suite 100, Dover New Hampshire 03820-4695.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Ms. Zaleski was a victim of the largest mass shooting in the United States and suffered a substantial ankle injury as a result.

7. On October 1, 2017, the city of Las Vegas was left devastated when a gunman opened fire into a crowd of approximately 22,000 concertgoers attending the Route 91 Harvest Music Festival on the Las Vegas Strip.

8. Ms. Zaleski was in attendance at the music festival that day when the gunman began his assault.

9. Ms. Zaleski was forced to run for her life, and in the course of doing so, she substantially injured her ankle.

10. Thereafter, Ms. Zaleski endured a series of surgeries that left her practically unable to walk.

### B. Ms. Zaleski's claim for Long-Term Disability benefits.

11. Prior to the October 1st incident, Ms. Zaleski was employed as a property manager with Mid-America.

12. As part of her role as a property manager, Ms. Zaleski was required to, among other things, walk and inspect the property for damage and cleanliness.

13. Ms. Zaleski's injury caused her to be unable to perform her duties as a property manager.

14. As a result, Ms. Zaleski filed a claim for long-term disability benefits under the Plan.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

15. Liberty found that Ms. Zaleski met the definition of "disabled" and approved her claim for long-term disability benefits, effective May 9, 2018

**C. Liberty's subsequent arbitrary and capricious denial of Ms. Zaleski's benefits.**

16. Ms. Zaleski's benefits were short lived. Liberty denied Ms. Zaleski's claim approximately eight months later, effective January 18, 2019.

17. Liberty stated that because Ms. Zaleski could allegedly perform sedentary work, she was no longer considered disabled as defined under the Policy.

18. After the denial, Liberty then failed to follow its own Claims and Appeals process. Liberty also provided Ms. Zaleski with differing reasons as to why her claim was denied, and ultimately did not provide Ms. Zaleski a full and fair review of her claim.

19. On February 26, 2019, Liberty sent Ms. Zaleski an appeal denial, again reasoning that Ms. Zaleski was not disabled because she could perform sedentary work.

20. However, as part of Liberty's investigation, Emily Matthies MS, CRC, PVE submitted an Occupational Analysis/Vocational Review on Ms. Zaleski (the "Report"), on September 25, 2018.

21. The Report examined the physical demands of a property manager and determined that the "occupation is most often performed at ***both the sedentary (off-site) and light to medium (on-site) levels of physical demand***…." (emphasis added).

22. The Report also identified that Ms. Zaleski's job required her to "walk[] the property visually inspecting common areas; amenities, and vacant apartments to ensure cleanliness and professional appearance."

23. In contrast, Liberty's own doctor admits that Ms. Zaleski had a medical impairment that required "***no standing and walking for . . . more than 15-20 minutes in an eight hour shift*** and no lifting, pushing, pulling or carrying any object." (emphasis added).

24. In essence, Liberty arbitrarily and capriciously denied Ms. Zaleski's benefits because Liberty overlooked that, as a property manager, Ms. Zaleski is required to do more than a sedentary level of effort at her job, as evidenced by Liberty's own documents and investigation.



BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**SOLE CLAIM FOR RELIEF**

ERISA CLAIM UNDER 29 U.S.C. § 1132

25. Paragraphs 1 through 24 are restated and incorporated by reference.

26. Ms. Zaleski was and remains disabled under the terms of the Policy.

27. Ms. Zaleski has fully complied with all her obligations under the Policy necessary to obtain long-term disability, including, but not limited to exhausting her administrative remedies.

28. Contrary to the terms on the Policy and contrary to the evidence, Liberty arbitrarily and capriciously denied Ms. Zaleski's claim.

29. Liberty's decision to deny Policy benefits was wrongful and not in compliance with the applicable laws.

30. As a non-exhaustive list, in denying Ms. Zaleski's claim, Liberty failed to (a) provide her with a full and fair review of her claim and (b) administer the Policy according to its terms.

31. Liberty failed to adhere to its own claim and appeal procedures when evaluating Ms. Zaleski's claim.

32. As Liberty unlawfully denied benefits, and has caused Ms. Zaleski to incur attorneys' fees and costs, and will cause her to incur additional fees and costs, Ms. Zaleski is entitled to recovery under 29 U.S.C. § 1132(g), for costs of this litigation, including reasonable attorneys' fees and interest at the appropriate statutory state rate interest on all back due benefits.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

WHEREFORE, Ms. Zaleski prays for relief as follows:

1. For a judgment in her favor and an award of benefits under the terms of the Plan;
2. For an award of reasonable attorneys' fees and costs;
3. For an award of pre- and post-judgment interest;
4. For other equitable relief as provided by ERISA; and
5. For such other and further relief as the Court deems proper.

Dated: April 16, 2020.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes

Christopher M. Humes, Esq.
Nevada Bar No. 12872
Marckia L. Hayes, Esq.
Nevada Bar No. 14539
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

*Attorneys for Plaintiff*