Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMIE ZALESKI,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

Case No. 2:20-CV-00690

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life")[1] files this, Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Jamie Zaleski ("Plaintiff"), and states as follows:

1. Liberty Life admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)), but Liberty Life denies that Plaintiff is entitled to any such relief. Liberty Life admits Mid-America Apartments, L.P. ("Mid-America") sponsored an employee benefit plan (the "LTD Plan") to provide long-term disability benefits to certain of its employees, and that the LTD Plan was, at certain times, insured, at least in part, by the Group Disability Income Policy (the "Policy") that Liberty Life issued to Mid-America Liberty Life admits that Plaintiff was, at certain times,

[1] Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

employed by Mid-America and that due to such employment, was, at certain times, a participant in the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Liberty Life admits it sent letters to Plaintiff dated April 19, 2018 and January 24, 2019, and Liberty Life refers to the letters themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits that Plaintiff's claims are governed by ERISA, but Liberty Life denies that Plaintiff is entitled to any such relief. Liberty Life admits this Court has subject matter jurisdiction over this action. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits venue of this action is proper in this Court. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that Plaintiff was, at certain times, employed by Mid-America and that due to such employment, was, at certain times, a participant in the LTD Plan. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff’s current residence, and accordingly, denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Nevada. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Upon information and belief, Liberty Life admits the allegations contained in Paragraph 7 of the Complaint.

8. Upon information and belief, Liberty Life admits the allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits that certain documents concerning Plaintiff's injury, medical complaints, and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits that certain documents concerning Plaintiff's injury, medical complaints, and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits that Plaintiff was, at certain times, employed by Mid-America as a Property Manager. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan contain information concerning Plaintiff's job duties at Mid-America, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Liberty Life admits it sent letters to Plaintiff dated April 19, 2018 and January 24, 2019, and Liberty Life refers to the letters themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life admits it sent a letter to Plaintiff dated January 24, 2019, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life denies all allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits it sent a letter to Plaintiff dated February 26, 2019, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life denies all allegations contained in Paragraph 24 of the Complaint.

25. Liberty Life incorporates its responses to Paragraphs 1-24 by reference as if fully set forth herein.

26. Liberty Life denies all allegations contained in Paragraph 26 of the Complaint.

27. To the extent that the allegations contained in Paragraph 27 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Liberty Life refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. §

1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Liberty Life denies all allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life denies all allegations contained in Paragraph 29 of the Complaint.

30. Liberty Life denies all allegations contained in Paragraph 30 of the Complaint.

31. Liberty Life denies all allegations contained in Paragraph 31 of the Complaint.

32. Liberty Life denies all allegations contained in Paragraph 32 of the Complaint.

33. Liberty Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint, including Paragraphs 1-5 thereunder, and denies Plaintiff is entitled to any such relief or recovery.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Liberty Life's decisions concerning Plaintiff's claim for benefits was not arbitrary or capricious and was not an abuse of the conferred discretion.

4. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other benefits, including any disability benefits Plaintiff or her dependents receive from the Social Security Administration.

5. Plaintiff has failed to exhaust her administrative remedies regarding any specific claims, issues, or rationales that she failed to raise in support of her claim or during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Liberty Life reserves the right to assert additional defenses.

**PRAYER**

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 18h day of May 2020.

**LAW OFFICE OF GEORLEN K. SPANGLER**

/s/ Georlen Spangler

Georlen Spangler
Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

Pursuant to Special Order #109, the following counsel of record registered for the CM/ECF system have been served with the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** by electronic means:

Christopher M. Humes
Email: chumes@bhfs.com

Marckia H. Hayes
Email: mhayes@bhfs.com

*Attorneys for Plaintiff*

Dated this 18th day of May, 2020.

*/s/ Georlen K. Spangler*
Georlen K. Spangler